PERRY. The THEODORE.   See Cases Nos. 13,879 and 13,880.

## Case No. 11,016.

### PERSEE .v. The CLARENCE.

[14 Law Rep. 453; 4 Am. Law J. (N. S.) 335.]

District Court, S. D. New York. Oct. 11, 1851.

BOTTOMRY BOND—LIEN, WHEN LOST.

In admiralty. The bark Clarence was owned in Galway, Ireland, and arrived in this port disabled by perils of the sea, and consigned to the libellants, residing here. In order to make the necessary repairs the master borrowed $7,535.77 of the libellants; he drew bills on the owners in Ireland for a portion of the loan, and on the 28th of April, 1849, executed a bond for $15,000, con-

ditioned to pay for the sum loaned, together with $1,130.36 bottomry premium, within ten days after the safe arrival of the ship at Galway. The vessel arrived out safely May 25th thereafter, and returned to this port in June, 1850. On the 27th of that month she was attached by process from a state court, by creditors of the foreign owners, and was ordered to be sold by decree of the court, July 31st, and was sold at auction thereupon by the sheriff, August 8, 1850. All the proceedings on the attachment were legal and regular. A bill of sale was executed by the sheriff to the claimants, who were bona fide purchasers, at the sale, and it does not appear that they had any notice of this bottomry claim, other than that implied from the suit being commenced prior to the day of sale. The master drew bills in favor of the claimants, on the owners, for the amount included in the bottomry. The libel was filed August 3, 1851.

Held, that the bond given by the master was a bottomry security, legally binding upon the vessel, and that the bills of exchange drawn by the master in favor of the libellants on the owners were not the original security contemplated by the parties, but were collateral to the bottomry bond.

Held, that the libellants lost the bottomry lien by neglecting to enforce it within a reasonable time after the return of the ship to this port, and until after her arrest in this city, and a decree rendered for her sale in due course of law, in a state court. A bottomry lien is not an incumbrance binding a vessel indefinitely. It must be pursued within a reasonable time after it is perfected by the happening of the contingencies on which it rests, and may be cut off or barred by a bona fide purchase of the vessel, when a reasonable period for enforcing the lien has elapsed.